The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
This is in response to your request for an opinion on the following questions:
 1. Can school districts currently seek their own insurance coverage under the current law?
 2. If not, will the enclosed amendment to the current law make it possible for school districts to have local control on this issue?
RESPONSE
Question 1 — Can school districts currently seek their own insurancecoverage under the current law?
It is my opinion that the answer to your first question is in all likelihood "no." This would, in my opinion, be contrary to the legislative intent expressed under A.C.A. § 21-5-401(1) (Repl. 1996) with respect to the management of all public school health insurance programs by one board, i.e., the Arkansas State Employee and Public School Personnel Board ("Board").[1]
It seems clear that the legislation pertaining to this Board (A.C.A. §§21-5-401 et seq. (Repl. 1996 and Supp. 1997) envisions school district employees participating in the program or programs managed by the Board. The Board and the executive director design and administer the programs, with one of the purposes being "a common goal that the same multiple benefit options be made available to participants under both public school and state employee current programs." Id. at subsection (3). The Board's powers and duties include "explor[ing] methods of reducing the disparity of employer contributions between state employee and public school personnel programs. . . ." A.C.A. § 21-5-404(2) (Repl. 1996). Additionally, the Board shall "prepare a comprehensive analysis of the various health plan options offered by the board . . . including . . . any other comparisons of the plans as will enable the state and school employees to make a well-informed choice of plans[.]" Id. at subsection (4). The Board must take a "risk management approach in designing and administering the state employee and public school personnel health benefit programs." A.C.A. § 21-5-405(a) (Supp. 1997). Additional duties and objectives include "[p]romot[ing] increased access to various plan options and health care models . . ." including "such other plans as the board may choose to offer. . . ."
My review of these provisions compels me to conclude that only one public school employee health insurance plan is contemplated, and that is the one designed and administered by the Board. The Board of Education sets the contribution rate to be paid by school districts in accordance with A.C.A. § 6-17-1117 (Supp. 1997), which provides:
 Local school districts shall pay the health insurance contribution rate established by the State Board of Education for each eligible employee electing to participate in the public school employee health insurance program. [Emphasis added.]
As this office has previously noted, school districts are required to budget their funds in such a way as to comply with state mandates such as this. Op. Att'y Gen. 98-197.
I am unable to conclude, in light of the above, that school districts are currently authorized to seek their own separate health insurance coverage. The potential negative impact of such efforts on the duties and objectives outlined under §§ 21-5-401 et seq. seems apparent. As the number of employees participating in the Board-managed programs declines, the ability to maintain the "financial soundness and overall well-being" (§ 21-5-404(5)) of those programs could be compromised. This further supports the conclusion that one public school employee health insurance program is intended.
Question 2 — If not, will the enclosed amendment to the current law makeit possible for school districts to have local control on this issue?
It is difficult to answer this question in the absence of further information as to what is meant by "local control." The bill enclosed with your request is House Bill 1361. It proposes to amend A.C.A. §6-17-1117 to state:
 Local school districts shall pay the health insurance contribution rate established by the State Board of Education for each eligible employee electing to participate in the public school employee health insurance program or may pay an equivalent amount to eligible employees electing not to participate for any health insurance coverage in which they participate through a spouse's employer or through another group and which is acceptable to the local school board.
The language added by HB 1361 is that portion underlined above. As I read this provision, it would permit the school board to pay the contribution directly to non-participating employees (i.e., employees electing not to participate in the public school employee health insurance program discussed above) for any health insurance coverage which the school board finds acceptable. The local board would thus have "control" to this extent. This assumes, of course, that there are no other bills or amendments impacting the issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Subsection (1) of § 21-5-401 states that it is the purpose of this subchapter to:
 Create a single board to manage the state employee and public school personnel health insurance and self-funded medical programs, so as to enhance the ability to control premiums, expand managed care capabilities where feasible, and study alternate funding arrangements which minimize or eliminate problems associated with selection among multiple methods of funding plans when more than one (1) program is utilized[.]